AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**Dec 2, 2025 4:08 PM**
Lucy H.Carrillo, Clerk of Court

**SEALED**

**BY ORDER OF THE COURT**

United States of America
v.
Glenn S. Kaihewalu

*Defendant(s)*

Case No. MJ 25-01508 WRP

**FILED UNDER SEAL PURSUANT TO CRIMLR5.2(a)(1)**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 31, July 10, & Sept. 18, 2024 in the county of Maui in the District of Hawaii, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1) | distribution of a 50 grams or more of actual methamphetamine (3 counts) |

This criminal complaint is based on these facts:

See attached Affidavit in Support of Criminal Complaint.

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Aaron Wise, Special Agent, DEA
*Printed name and title*

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed.R.Crim.P. 4.1(b)(2).

Date: December 2, 2025

City and state: Honolulu, Hawaii

[signature]
Wes Reber Porter
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Aaron Wise, being first duly sworn telephonically, hereby depose and state as follows:

## INTRODUCTION

1. I am a Special Agent with the Drug Enforcement Administration ("DEA") and have been since October 2011. I am currently assigned to the DEA's Los Angeles Field Division ("LAFD"), Maui Post of Duty, investigating large-scale drug trafficking organizations operating in the Maui County area and elsewhere. I received 17 weeks of narcotics law enforcement training from the DEA Basic Agent Training at the DEA Academy, Quantico, Virginia. Through the DEA Academy and continuing education, I have received extensive training on conducting federal narcotics investigations, investigative techniques, running undercover operations, interviewing witnesses and subjects, developing and handling sources, money laundering, overdose investigations, cyber-crimes, and search and seizure of evidence, among other things.

2. While assigned to the LAFD, I have participated in numerous investigations into drug trafficking organizations of varying sizes and degrees of sophistication. I have been the primary case agent on several of those investigations. As a case agent, I have decided which investigative techniques to deploy to further each particular investigation. I have been the affiant for numerous search and arrest

warrants, as well as several federal and state wiretap orders. I have listened to intercepted phone calls between drug traffickers, and I am familiar with drug traffickers using coded language to refer to illegal drugs, illegal drug proceeds, and firearms, in their efforts to avoid law enforcement detection. I have also executed numerous search warrants and am familiar with the methods through which drug traffickers attempt to conceal evidence of their drug trafficking activities. Additionally, I have arrested numerous individuals for narcotics violations and have spoken with some of those arrestees at length, giving me insight into Drug Trafficking Organization operations.

3. The facts and information contained in this affidavit are based on my personal involvement in this investigation, personal knowledge and observations, my review of records and documents obtained during this investigation, and information received from other individuals, including analysts and other law enforcement officers, as well as my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause to arrest GLENN KAIHEWALU, it does not set forth every fact known by me or the United States.

## PROBABLE CAUSE

Background

4. In May 2024, a confidential source (CS),[1] said that Glenn KAIHEWALU was distributing methamphetamine in the County of Maui. The CS admitted to knowing KAIHEWALU for many years and had conducted drug purchases from KAIHEWALU prior to the CS cooperating with law enforcement. The CS said that KAIHEWALU works in the hauling and towing business on in the Island of Maui.

May 31, 2024, Controlled Purchase of Methamphetamine

5. On May 31, 2024, investigators had the CS to contact KAIHEWALU to arranged to buy methamphetamine. After recorded conversations, KAIHEWALU told the CS to meet him at the Minit Stop gas station in Kahului, Hawaii. During the meeting, KAIHEWALU placed a Foodland reusable shopping bag containing approximately two pounds of methamphetamine in the CS' vehicle. KAIHEWALU

[1] The CS has provided reliable information regarding KAIHEWALU and other individuals distributing narcotics on Maui. The information provided by the CS has been corroborated by law enforcement officers, public records, Hawaii Department of Motor Vehicles records, telephone subscriber and toll records, physical surveillance, recorded telephone calls, and controlled purchases of narcotics. In 2024, the CS was arrested in the County of Maui for drug offenses and is cooperating with law enforcement in the hope of receiving a lower sentence. The CS has a previous conviction for promoting prison contraband, three felony convictions for promoting a dangerous drug in the third degree, a felony conviction for prohibited acts related to drug paraphernalia, and a conviction for sex assault third degree.

told the CS that the charge would be $7,000 for each pound and that the CS could pay KAIHEWALU later. The methamphetamine was analyzed by the DEA Southwest Laboratory and determined to be 903.4 grams of actual methamphetamine.

Controlled Payments of Methamphetamine

6. From June 2024 to July 2024, at the direction and under the supervision of investigators, the CS made three payments to KAIHEWALU totaling $14,000. Specifically, on June 14, 2024, the CS paid KAIHEWALU $7,000, on June 19, 2024, the CS paid KAIHEWALU $4,000, and on July 3, 2024, the CS paid KAIHEWALU $3,000.

July 10, 2024, Controlled Purchase of Methamphetamine

7. On July 10, 2024, at the direction of investigators, the CS arranged to purchase methamphetamine from KAIHEWALU. The CS was directed to make a recorded call to KAIHEWALU. During the conversation, KAIHEWALU and the CS agreed to meet at the Plate Lunch Market Place in Kahului. Investigators monitored the CS as the CS arrived to the meeting location. Shortly after, investigators observed KAIHEWALU retrieve a cardboard box from his vehicle and hand it to the CS who was seated in his/her vehicle. KAIHEWALU told the CS that the box contained two pounds of methamphetamine, and the CS would need to pay

another $14,000. The methamphetamine was later analyzed by the DEA Southwest Laboratory and determined to be 889.2 grams of actual methamphetamine.

Controlled Payments of Methamphetamine

8. From July 2024 to September 2024, at the direction and under the supervision of investigators, the CS made four payments to KAIHEWALU totaling $14,000. Specifically, on July 19, 2024, the CS paid KAIHEWALU $4,000, on August 15, 2024, the CS paid KAIHEWALU $4,000, on August 29, 2024, the CS paid KAIHEWALU $3,000, and on September 18, 2024, the CS paid KAIHEWALU $3,000.

September 18, 2024, Controlled Purchase of Methamphetamine

9. On September 18, 2024, at the direction of investigators, the CS arranged to meet with KAIHEWALU to make the final $3,000 payment to KAIHEWALU for the previous drug transaction and to purchase an additional pound of methamphetamine for $1,800. The CS made a recorded call to KAIHEWALU, and they agreed to meet at the Central Maui Regional Sports Complex in Kahului, Hawaii. Investigators observed KAIHEWALU meet with the CS. During the meeting, the CS gave KAIHEWALU $4,800 to pay off the CS' remaining debt of $3,000 and purchase an additional pound for $1,800. KAIHEWALU provided the CS with approximately one pound of methamphetamine and both parties left the area. The methamphetamine was later

analyzed by the DEA Southwest Laboratory and determined to be 430.2 grams of actual methamphetamine.

## CONCLUSION

10. WHEREFORE, based upon the facts contained in this affidavit, I respectfully submit that there is probable cause to believe that Glenn KAIHEWALU committed the offense of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § § 841(a)(1), and 841(b)(1)(A).

Dated: Honolulu, Hawaii, December 2, 2025.

Respectfully submitted,

Aaron Wise
Special Agent
Drug Enforcement Administration

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed. R. Crim. P. 4.1(b)(2) on this 2nd day of December 2025, Honolulu, Hawaii.

Wes Reber Porter
United States Magistrate Judge